IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| **YU XING ZHENG,** | * |
| Plaintiff, | * |
| v. | *  Case No. RWT 13-cv-3293 |
| **SHUGUANG SHI,** *et al.*, | * |
| Defendants. | * |

## MEMORANDUM OPINION

*Pro se* plaintiff Yu Xing Zheng ("Zheng") filed a short, handwritten form complaint on October 28, 2013, alleging that Defendants Shuguang Shi and IMA International LLC ("IMA") owe him $2,000 in unpaid wages. ECF No. 2. In the "Basis for Jurisdiction" section of the form, Zheng checked the box next to "Federal Questions." Where the form asks what statutory right is at issue, Zheng wrote "Wage and Labor." *Id.* In the "Facts" section of the form, Zheng alleged that he worked 456 hours for IMA, from September 17, 2013 to October 6, 2013, and Defendants paid him only $2,800. *Id.* He alleges Defendants should have paid him $4,800 "[a]ccording to Federal Law." *Id.*

On January 9, 2014, Defendants filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, and under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. ECF No. 11. In the alternative, Defendants moved for summary judgment under Rule 56 on the grounds that the undisputed facts entitled them to judgment as a matter of law. *Id.* Zheng did not respond to Defendants' Motion. On February 3, 2014, Defendants filed a Reply in support of their Motion, pointing out Zheng's failure to respond, and urging the Court to treat the arguments raised in their Motion as

conceded. ECF No. 13. There is no genuine dispute as to any material fact, and Defendants are entitled to judgment as a matter of law. Accordingly, their Motion will be granted.

## Standard of Review

Ordinarily, a motion to dismiss is evaluated by reference to the complaint and the exhibits attached thereto or incorporated therein. *See E.I du Pont de Nemours & Co. v. Kolon Industries, Inc.*, 637 F.3d 435, 448-49 (4th Cir. 2011). When "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56 [and a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). Defendants attached a number of exhibits to their Motion, which the Court will consider under the alternative Motion for Summary Judgment. While there has been no discovery, because the Motion was captioned in the alternative, Zheng is "deemed to be on notice that conversion under Rule 12(d) may occur." *Hart v. Lew*, 973 F. Supp. 2d 561, 572 (D. Md. 2013). Further, after Defendants filed their Motion, the Clerk of this Court sent Zheng a letter explaining the posture of the case and the possibility of dismissal if he failed to respond with substantive arguments, exhibits, and affidavits. ECF No. 12. Attached to that letter was the full text of Rules 12 and 56. *Id.* Accordingly, Zheng was aware of his obligation to respond substantively to the Motion, to produce affidavits and exhibits to rebut Defendants' assertions of fact if necessary, or to request an extension of time if the facts were unavailable to him. Yet, Zheng has made no filings in this case since Defendants submitted their motions on January 9, 2014. Accordingly, the Court will go forward in ruling on Defendants' alternative Motion for Summary Judgment.

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P 56(a); *see*

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "A material fact is one 'that might affect the outcome of the suit under the governing law.'" *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183 (4th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Disputes of material fact are genuine if, based on the evidence, "a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

In order to avoid summary judgment, the nonmoving party "may not rest upon the mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Id*. at 256. While the court must view the evidence in the light most favorable to the nonmoving party, *Francis v. Booz, Allen & Hamilton, Inc.*, 452 F.3d 299, 302 (4th Cir. 2006), it must also "prevent factually unsupported claims and defenses from proceeding to trial," *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 1993) (quoting *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987)) (internal quotation marks omitted).

## Discussion

### I.     Dismissal for Lack of Subject Matter Jurisdiction

Defendants argue that Zheng's Complaint fails to sufficiently allege facts supporting the Court's subject matter jurisdiction. ECF No. 11-1 at 5. To be sure, Zheng does not cite a specific federal statue as the basis for federal question jurisdiction. Rather, Zheng simply asserts that the federal statutory right at issue is "Wage and Labor." ECF No. 2. While not artfully pleaded, the citation of "Wage and Labor" as the basis for federal question jurisdiction, along with the allegation that "[a]ccording to Federal Law," Defendants should have paid him $2,000 more than they did make it sufficiently clear that Zheng is attempting to allege a violation of the minimum wage provision of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b),

especially given the liberal construction the Court must afford plaintiff's Complaint. Because this is a federal law, Zheng has sufficiently invoked this Court's subject matter jurisdiction.

## II.     Dismissal for Failure to State a Claim

Defendants argue that Zheng's Complaint fails to allege facts sufficient to state a claim. ECF No. 11-1 at 4-5. The Court disagrees. Zheng's factual allegations are specific. He alleges that he worked a specific number of hours for Defendants, was paid a specific amount of money by Defendants, and under federal law the amount of money he was paid by Defendants was insufficient. ECF No. 2. The FLSA sets the minimum wage employers must pay their employees, and employees may recover damages to the extent an employer fails to pay those wages. *See* 29 U.S.C. § 216(b).[1] If Zheng actually worked the number of hours he alleges, and Defendants actually paid Zheng the amount of money he alleges, he is entitled to damages for the difference between the hourly wage he actually received and the minimum wage FLSA entitles him to. *Id.* Accordingly, Zheng has alleged sufficient facts that, if true, raise a plausible right to relief.

## III.    Summary Judgment

In their Motion, Defendants submit various exhibits and affidavits and argue that, under the undisputed facts, they are entitled to judgment as a matter of law. Because he has failed to respond with competing exhibits or affidavits, the Court will treat the facts established by Defendants' exhibits and affidavits as uncontroverted, and determine whether these facts entitle Defendants to summary judgment. *See Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 416

---

[1] Defendants argue that Zheng was "exempt from the minimum wage and overtime provisions of the FLSA." ECF No. 11-1 at 7. Defendants, however, have cited no authority for the proposition that Zheng would have been exempt from the minimum wage provisions of FLSA, as opposed to the maximum hour and overtime provisions. *See* 29 U.S.C. § 213(b)(1) ("*Maximum hour requirements*…shall not apply with respect to…any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the provisions of section 204 of the Motor Carrier Act, 1935") (emphasis added).

(4th Cir. 1993) ("Thus, the court, in considering a motion for summary judgment, must review the motion, even if unopposed, and determine from what it has before it whether the moving party is entitled to judgment as a matter of law.").

Zheng alleges that he was employed as a bus driver for IMA from September 17, 2013 to October 6, 2013, working a total of 456 hours, which is 22.8 hours per day during his period of employment. However, Defendants submitted Zheng's driver logs for each day of his employment, which show he worked for a total of 124.75 hours during his employment. ECF No. 11-2. Defendants submitted an affidavit asserting that Zheng was paid a total of $3,358.20 for those hours. ECF No. 11-2 at 4. This equates to an hourly rate of approximately $26.90, much higher than FLSA's minimum wage requirement of $7.25 per hour. 29 U.S.C. § 206(a)(1)(C). Even if Zheng was only paid $2,800 as alleged in his Complaint, he was still paid approximately $22.44 per hour, which is also well above FLSA's minimum wage requirement.[2] *Id.* Thus, the undisputed facts demonstrate that Defendants are entitled to judgment as a matter of law, because they paid Zheng more than the minimum wage requirement of the FLSA.

## CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment will be granted.


Date: September 16, 2014                                          /s/
                                                         ROGER W. TITUS
                                                    UNITED STATES DISTRICT JUDGE

---

[2] To the extent Zheng is attempting to make out a claim for overtime wages, as a driver of a commercial motor vehicle the FLSA's overtime requirements did not apply to him. *See* 29 U.S.C. § 213(b)(1). A commercial motor vehicle is defined as a vehicle used in interstate commerce that has a gross vehicle weight rating of at least 10,001 pounds, is designed to transport 8 or more passengers for compensation, or 15 or more passengers not for compensation. 49 U.S.C. § 31132. Defendants have submitted affidavits indicating that the vehicles Zheng drove met these qualifications. ECF No. 11-2 at 2-3.